**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

RAMONA S. WESOLOWSKI,

        Plaintiff,

vs.                           Case No. 6:11-cv-1272-Orl-37GJK

JOHN ASSI, M.D., P.A., d/b/a
CHILDREN'S HEALTH ASSOCIATES,
INC.; and JOHN ASSI, M.D.,

        Defendants.

**ORDER**

Borden R. Hallowes, a member of the Florida bar and the Middle District of Florida bar (at least formerly), is counsel of record to Defendants in the above-captioned case. Plaintiff is proceeding *pro se*.

In this FLSA action, the Court received communication via telephone that the matter had been settled. On January 15, 2013, pursuant to that notification, the Court entered an order directing Plaintiff to submit the settlement documents for review, as required in all FLSA cases by *Lynn's Food Stores, Inc. v. United States ex rel. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). (Doc. 27.) No submission was made.

On February 26, 2013, the Court entered an order, *sua sponte*, resetting the pretrial conference and directing the parties to comply with the Court's January 15, 2013 order or to file a joint final pretrial statement on or before March 4, 2013. (Doc. 28.) The Court further directed the parties to appear at a hearing on March 5, 2013, at 11:00 a.m. in Courtroom 4A of the U.S. Courthouse in Orlando, Florida, to argue for approval of the

settlement agreement or to present issues required at a final pretrial hearing. (*Id.*) The parties were further advised to be prepared to discuss why sanctions should not be imposed. (*Id.*) The parties failed to file any documents or otherwise respond to the Court's order. The parties also failed to appear at the hearing.

On March 12, 2013, the Court entered an Order to Show Cause directing Borden R. Hallowes to show cause why he should not be sanctioned or held in contempt pursuant to Fed. R. Civ. P. 16(f) for failure to comply with the Court's orders. (Doc. 30.)

Rather than file a direct response, Mr. Hallowes filed a "Motion to Terminate Cause" in which he again asserted that the case was "settled many moths [sic] ago" and that "a release [was] executed by the Plaintiff, and the matter should be closed." (Doc. 31.)

Mr. Hallowes has ignored the Court's repeated directions that an FLSA case **MAY NOT BE SETTLED ABSENT COURT APPROVAL** and, despite acknowledging that a settlement has been negotiated, has continued to fail to submit the agreement to the Court for approval as required by *Lynn's Food Stores*.

Accordingly, since Mr. Hallowes maintains his practice in northeast Florida, the Court deems it appropriate to refer this matter to the Grievance Committee for the Jacksonville Division of the Middle District of Florida for a report and recommendation to this Court regarding whether Mr. Hallowes should be removed as a member of the bar of this Court or otherwise subject to reprimand or sanction.

By copy of this Order to Susan Erdelyi, Esq., Chair, the Court requests that the Grievance Committee conduct an investigation and submit to the Court a report and recommendation on or before May 1, 2013.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 26, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Susan Erdelyi, Esq.
Chair, Grievance Committee, Jacksonville Division
Marks Gray, P.A.
P.O. Box 447
Jacksonville, FL 32201